# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RORY ALLEN GREGORY                                                                       PETITIONER
ADC #088783

v.                            Case No. 5:18-cv-00266 JM-JTK

DEXTER PAYNE[1], Director,
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

---

[1] Dexter Payne replaced Wendy Kelley as the prison director on or about July 26, 2019.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Rory Allen Gregory. (Doc. No. 2) After reviewing the parties' briefing and the available evidence, the undersigned recommends that the petition be denied and the case dismissed with prejudice.

## Background

On or about August 19, 2014, the Baxter County (Arkansas) prosecuting attorney charged Rory Allen Gregory as a habitual offender with two counts of theft of property, second degree battery, fleeing, aggravated assault, two counts of criminal mischief, criminal trespass, and resisting arrest.[2] (Doc. No. 10-3) Petitioner subsequently pleaded guilty to the charges on

---

[2] The facts giving rise to these charges are that, on or before August 16, 2014, Mountain Home police officer Larry Caruso was on patrol when he observed a pickup pulling a trailer and loaded with a crate exiting Strope's Motorsports after hours. (Doc. No. 10-3) It was later determined that Petitioner was driving the truck. The officer activated his emergency lights and siren to make contact with the driver who refused to stop. (*Id.*) Officer Caruso attempted to pull alongside the truck to read the plate, but Petitioner swerved at the patrol car, eventually throwing the crate from the trailer. (*Id.*) He eventually struck the passenger side of the patrol car, at which time the truck spun around and both

October 2, 2014, and the Baxter County Circuit Court sentenced him to 180 months in the Arkansas Department of Correction ("ADC").  (Doc. Nos. 10-2 and 10-4)

Petitioner was released on parole on April 3, 2017. Petitioner signed and acknowledged his conditions of release that included that he obey all federal, state, and local laws. (Doc. No. 10-5) Petitioner states in his habeas petition that, upon release, his doctor prescribed both Hydrocodone and Ambien on April 17, 2017. (Doc. No. 2)  He claims that, on April 18, 2017, after ingesting both medications, he was involved in an accident where he "sleep-drove."  (*Id.*)

The Baxter County prosecutor's criminal information indicates that an off-duty reserve officer called 911 on April 18th after a car side-swiped his vehicle.  (Doc. No. 10-6) Officers responded to the accident and located the vehicle traveling about 68 mph in a 40 mph zone. Attempts to stop the vehicle, driven by Petitioner, were for naught.  He continued to speed and ignore all traffic indicators, and officers had to deploy spike strips in an attempt to stop the car. To avoid the spike strips, Petitioner turned his car sharply and exited the highway where another officer was standing.  The officer jumped out of the way to avoid being struck.  Petitioner continued to avoid police and sped on where he encountered another officer.  Petitioner swerved and struck the front end of that officer's patrol car and traveled towards the hospital.

---

vehicles came to a stop. (*Id.*)  Officer Caruso existed his police car and approached the truck.  Petitioner started the engine and attempted to put the vehicle in drive.  Caruso broke out the driver-side window and attempted to put the truck back into park, but Petitioner grabbed and held the officers hand and continued his attempt to put the truck in drive.  The vehicle began rolling into the highway, dragging Caruso who continued to order that Petitioner stop the car. Caruso struck Petitioner while attempting to put the truck in park, and subsequently drew his weapon.  Petitioner grabbed the side of the gun while still holding the officer's other hand, holding him in the truck while trying to flee.  (*Id.*) The truck stopped only after the officer was able to fire a shot into the dash of the truck causing Petitioner to release the weapon.  Petitioner was taken into custody after resisting and having to be forcefully restrained.

The crate contained a new Arctic Cat utility vehicle that was believed to be totaled and valued at over $6,000.  The trailer carrying the crate was also stolen and valued at $800. (*Id.*) The police car sustained over $2,600 in damage.  Officer Caruso was treated and released from Baxter County Regional Medical Center after having glass removed from his arm. Gregory was determined to have an extensive criminal background. (*Id.*)

3

He nearly struck a pedestrian and parked vehicle as he sideswiped a handrail, driving straight through the glass doors of the hospital and into the foyer through a second set of glass doors, nearly hitting another pedestrian in the lobby of the hotel. (*Id.*) Officers broke the windows of the vehicle, reached in and disabled the vehicle. Petitioner refused to obey orders and resisted arrest. Even after a taser was deployed, Petitioner continued to resist arrest. After a second taser subdued him, Petitioner was treated for his injuries and taken into custody.[3]

Arkansas Community Correction ("ACC") issued a violation report on August 18, 2017, alleging that the incident involved conduct that violated the terms and conditions of Petitioner's parole. (Doc. No. 10-7) ACC set a hearing for August 28, 2017. (Doc. No. 10-8) On the day of the hearing, Petitioner signed a "Waiver of Revocation Hearing," in which he admitted he violated the terms and conditions of his parole by violating the law. (Doc. No. 10-9) In that waiver, Petitioner relinquished his right to a revocation hearing, recognizing his parole would be revoked and he would be placed in the custody of the ADC. (*Id.*) Based on the waiver, Petitioner would be eligible to be considered for release again in June 2018. At the June 2018 appearance before the parole board, Petitioner claims he received a three-month rewrite pending the outcome of the charges that stemmed from the April incident. At the September 25, 2018, hearing, the parole board determined that it would deny Petitioner parole for one year. (Doc. No. 10-11) The board gave several reasons for this decision, including previous release history,

---

[3]He was charged as a habitual offender with first degree criminal attempt to commit battery against an officer, second degree criminal attempt to commit murder, first degree criminal mischief, fleeing, two counts of aggravated assault, reckless driving, and resisting arrest. (Doc. No. 10-6)

nature of violation, and the fact that the victim was law enforcement.[4]  (*Id.*)

In a letter to the Chairman of the Arkansas Parole Board, dated September 26, 2018, Petitioner noted alcohol nor drugs were involved in the accident and that he was taking Ambien, Hydrocodone and Gabapentin prescribed to him by a medical doctor—the combination of which lead him to "sleep-driving."  (Doc. No. 10-10, p.1) The Parole Board treated Petitioner's letter as a request for reconsideration and, and on October 11, 2018, denied the request.  (Doc. No. 10-10, p. 2; Doc. No. 10-13) Petitioner filed this section 2254 petition on October 22, 2018. (Doc. No. 2)

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 based on four claims for relief: (1) The Arkansas Parole Board violated his due process rights by denying him parole in 2018 and unlawfully detaining him based on charges stemming from the April 2017 Baxter County incident without him having been tried and convicted;[5] (2) The ACC had "no authority to determine the length of a parole violation," and Petitioner's signature on the waiver of hearing "contract" used "fraud, misrepresentation and deceit" to "'trick' unsuspecting parole violators into waiving important constitutional rights"; (3) Petitioner's waiver of his rights to (a) a hearing, (b) counsel, (c) confront and cross-examine witnesses, and (d) a continuance were coerced by trickery after his parole officer, whom he trusted, convinced Petitioner that he would receive a ten-month parole violation sentence in exchange for signing the waiver.  Instead, Petitioner was

---

[4]It is unclear from the parole board's decision if the reference to the law enforcement victim related to the first incident, the second incident, or both.

[5]A CourtConnect Baxter County search indicates that Petitioner is currently set for trial in Baxter County on August 26, 2019, at 9:00 a.m. for charges stemming from the April 2017 incident.

"sucker-punched" with a one-year denial of parole "that was not part of the agreement"; and (4) the decision of the Arkansas Parole Board to revoke Petitioner's parole "rests solely on the 'alleged facts' (none have been even considered by a court of law) set out in police reports provided to them by law enforcement" and not on a decision by the judiciary that he has committed a crime. (Doc. No. 2 )

Respondent admits Petitioner is in his custody and that there are no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. Instead, Respondent asserts that the claims are either not cognizable or procedurally defaulted. (Doc. No. 10) In his Reply, Petitioner reiterated the arguments made in his petition and contends that the ACC's actions were tantamount to constructive fraud that has not only affected him but thousands of other potential parole violators. His prayer is that the Court address his claims on the merits. (Doc. No. 11)

For the reasons discussed below, the Court recommends that the petition be denied and that the case be dismissed, with prejudice.

## Discussion

Respondent correctly notes that Petitioner's arguments seemingly challenge two decisions —-the decision to revoke parole and the decision to deny parole a second time following revocation.

*1. Decision to Revoke Parole*

At the outset, Petitioner challenges the decision to revoke his parole. Petitioner waived his right to a revocation hearing, although he now claims he did so due to misrepresentation,

deceit, and trickery. He also claims the parole board had no authority to determine the length of his parole violation and that his constitutional rights were violated.

First, when a parolee's parole is revoked, he must serve the remainder of his original sentence, including any portion suspended, with credit for good-time allowances. *See* Ark. Code Ann. § 16-93-607 *et seq*. As such, the parole board did not arbitrarily determine the "length of his parole violation;" Petitioner's original sentence did. Second, it does not appear that Petitioner ever sought state judicial review of the parole board's decision to revoke his parole. Thus, his claims are procedurally defaulted.

Before seeking federal habeas review, a state prisoner must exhaust all available state remedies, giving the state the opportunity to correct alleged violations of a prisoner's federal rights; thus a petitioner must "'fairly present' his claims in each appropriate state court to alert that court to the claim's federal nature" *Baldwin v. Reese*, 541 U.S. 27, 29(2004); 28 U.S.C. § 2254. Federal courts have ruled that parole revocation decisions by the Arkansas Parole Board are administrative decisions governed by the Arkansas Administrative Procedure Act. *See Reed v. Kelley*, Case No. 5:17cv00257 KGB-JTK, 2018 WL 6816157, at 3 (E.D. Ark. 2018) (citing *Hickman v. Arkansas Bd. of Pardons & Paroles*, 361 F. Supp. 864, 868-869 (E. D. Ark. 1973)). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance." *Cone v. Bell*, 556 U.S. 449, 465 (2009).

Before seeking federal habeas relief, Petitioner was required to appeal the decision of the parole board by filing a petition in the appropriate Arkansas circuit court within thirty days after

service on him of the board's final decision, which here would have been the denial of the motion for reconsideration. *See* Ark. Code Ann. § 25-15-212(b)(1). Petitioner failed to do so in this instance; therefore, he failed to exhaust his claims, including his due process claim. Accordingly, Petitioner's claims are procedurally defaulted unless he can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has made no such showing here.

    *2. Denial of Parole*

Petitioner also takes issue with the Arkansas Parole Board's denial of parole a second time following revocation. His challenge to the denial of state parole is not a cognizable federal corpus action.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to a state judgment may be entertained only if one is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). [F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted). The United States Supreme Court has recognized that "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Parole is a matter of grace, not a vested right, *Curtis v. Bennett*, 351 F.2d 931, 933 (8th Cir. 1965), and "[s]tates are under no duty to offer parole to [its] prisoners." *Greenholtz v. Nebraska Penal Inmates*,

442 U.S. 1, 7 (1979). The law recognizes, however, that a State, in establishing a parole system, may create a liberty interest that is protectable under the Fourteenth Amendment. *Id.* at 12. The Arkansas Supreme Court has emphasized the broad discretionary authority granted under its parole statutes and "has repeatedly held that there is no liberty interest in parole in Arkansas." *Whiteside v. Arkansas Parole Board*, 2016 Ark. 217, at 2, 492 S.W.3d 489, 490; *see also Michalek v. Lockhart*, 292 Ark. 301, 304, 730 S.W.2d 210, 211 (Ark. 1987) ("[T]here is no constitutional right or entitlement to parole."). The Eighth Circuit has also repeatedly noted that the Arkansas statutes create only a possibility of parole, and thus does not establish any right to release on parole which would invoke due process protections. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *see also Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (Arkansas parole statutes do not create protectable liberty interest in discretionary parole decisions, and prisoner did not have protectable liberty interest in having parole board follow its own hearing policy).

Petitioner is an inmate in the ADC, and he was alleged to have violated the terms of his parole. State law provides that, at any time during a parolee's release on parole, the parolee can be arrested if the parole board determines he or she has been charged with a felony involving violence. *See* Ark. Code Ann. § 16-93-705 (Repl. 2006). That is exactly what happened in this instance. Petitioner was accused of a myriad of crimes, and his parole was revoked. Petitioner appears to be confused as to why he is currently incarcerated. As Respondent notes, Petitioner is serving time in the ADC because the parole he was granted when serving the sentence for his 2014 crimes was revoked when he was charged with new crimes in 2017. He is now serving the sentence that was imposed after he pleaded guilty to the 2014 charges; he is not serving a

sentence for the 2017 crimes that are set for trial in late August 2019. Petitioner was entitled to a revocation hearing, but he waived his right to that hearing. It is clear that Arkansas does not give Petitioner a right to parole, and because Arkansas parole decisions are left to the discretion of its parole board, Petitioner's claims one and three are not cognizable.

## Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be dismissed, with prejudice, and that the relief prayed for be denied. It is further recommended that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 1st day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE